# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-0003-CVE |
| | ) | |
| BRANDON TAYLOR | ) | |
| a/k/a "Bran Bran", | ) | |
| a/k/a "Larry Thomas", and | ) | |
| THAMOUS EUGENE TAYLOR | ) | |
| a/k/a "T", | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the government's Motion to Continue Jury Trial (Dkt. # 36). This case is set for trial on May 28, 2013. Defendant Brandon Taylor is charged in a twelve count indictment with conspiracy to distribute cocaine base (crack) and marijuana, possession with intent to distribute of crack, cocaine, methamphetamine and marijuana, possession of a firearm in furtherance of a drug trafficking crime, maintaining a drug involved premises, money laundering, possession of a firearm after prior felony conviction, and possession of an unregistered destructive device. Defendant Thamous Taylor is charged with conspiracy to distribute marijuana, and his change of plea hearing is set for May 17, 2013 at 10:00 a.m. The government asks the Court to continue the jury trial of this matter to the June 2013 jury trial docket, because counsel for the government will be going to trial on May 20, 2013 in a complex sex trafficking case and counsel will not have sufficient time to prepare for a trial in this case. Dkt. # 11, at 1. Defendant Brandon Taylor does not oppose the government's motion and he has filed a speedy trial waiver requesting that all time from the current trial setting of May 28, 2013 to June 17, 2013 be excluded under 18 U.S.C. § 3161(h)(7). Dkt. # 39.

The government's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed government's motion and finds that it should be granted. Defendants' jury trial is set for May 28, 2013, but counsel for the government has a lengthy and complex sex trafficking trial beginning on May 20, 2013. The government states that it is likely that the sex trafficking trial will not be completed by May 28, 2013. The government will also be providing defendant Brandon Taylor additional discovery and it will file motions concerning defendant's prior drug trafficking convictions, and the trial of this case will last approximately five to seven days. It would be unreasonable to expect counsel for the government to be prepared for trial of this matter under the circumstances. Defendant Brandon Taylor does not oppose the government's request to continue the jury trial and he has executed a speedy trial waiver, and the trial of this matter will be continued to the June 2013 jury trial docket. However, defendant Thamous Taylor's change of plea hearing will remain as currently set.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Jury Trial (Dkt. # 36) is **granted**. The jury trial set for May 28, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **June 3, 2013 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 10, 2013 |
| **Jury Trial:** | **June 17, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between May 28, 2013 and June 17, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that **defendant Thamous Taylor's change of plea hearing remains set for May 17, 2013 at 10:00 a.m.**

**DATED** this 13th day of May, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE